JUDGE DANIELS                   12 CIV 0594

D. Maimon Kirschenbaum
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
233 Broadway 5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff and the FLSA
Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**JASON SCHEAR, EDUARD STANCIU,
BAREKET DRORI, STELLA KIM, DANA
BEIERLE, MICHAEL MARTINEZ and
ODIN REDD, on behalf of themselves and
other similarly situated,**

**Plaintiffs,**

**v.**

**FOOD SCOPE AMERICA, INC. d/b/a
MEGU TRIBECA, MASAHIRO
ORIGUCHI, KOICHI YOKOYAMA and
SALVATORE PICARDI**

**Defendants.**

-------------------------------------------------------x



**COMPLAINT**

**FLSA COLLECTIVE ACTION AND
RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, allege as

follows:

**JURISDICTION AND VENUE**

1.      This Court has original federal question jurisdiction under 28 U.S.C. §

1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201,

*et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law

claims, as they are so related in this action within such original jurisdiction that they form

part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.      All Defendants are hereinafter collectively referred to as "Defendants."

4.      Defendant Food Scope America, Inc. is a New York corporation that operates Megu Restaurant in Manhattan.

5.      Upon information and belief, Food Scope America, Inc. has an annual gross volume of sales in excess of $500,000.

6.      Defendant Masahiro Origuchi is an owner and operator of Megu. Upon information and belief, Masahiro Origuchi exercises sufficient control of its day to day operations to be considered Plaintiff's employers under the Fair Labor Standards Act and New York state law.

7.      Defendant Koichi Yokoyama is President of Megu. Upon information and belief, Koichi Yokoyama exercises sufficient control of its day to day operations to be considered Plaintiff's employers under the Fair Labor Standards Act and New York state law.

8.      Defendant Salvatore Picardi is a manager at Megu. Upon information and belief, Salvatore Picardi exercises sufficient control of its day to day operations to be considered Plaintiff's employers under the Fair Labor Standards Act and New York state law.

9.      Origuchi, Yokoyama and Picardi have the power to hire and fire Megu employees.

10.     Megu's general manager reports to Origuchi and Yokoyama.

11.     Yokoyama and Picardi are actively involved in managing the restaurant's operations. For example, Yokoyama monitors the restaurant's financials and Picardi oversees all floor captains.

12.     Plaintiff Jason Schear was employed by Defendants as a bartender at Megu Restaurant between approximately August 2010 and November 2011.

13.     Plaintiff Eduard Stanciu was employed by Defendants as a bartender at Megu Restaurant between approximately 2006 and 2011.

14.     Plaintiff Bareket Drori was employed by Defendants as a server at Megu Restaurant between approximately 2009 and 2011.

15.     Plaintiff Stella Kim was employed by Defendants as a server at Megu Restaurant between approximately 2010 and 2011.

16.     Plaintiff Dana Beierle was employed by Defendants as a server at Megu Restaurant between approximately 2010 and 2011.

17.     Plaintiff Michael Martinez was employed by Defendants as a captain at Megu Restaurant between approximately 2009 and 2011.

18.     Plaintiff Odin Redd was employed by Defendants as a server at Megu Restaurant between approximately 2010 and 2011.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt persons employed at Megu at any New York location in any tipped position on or after the date that is three

years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

20.    At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and allowing non-tipped employees to share in their tips.  The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

21.    The First Claim for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

22.    Plaintiffs bring the Second and Third Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non exempt persons employed by Defendants at any New York location in any tipped position on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

23.    All said persons, including Plaintiffs, are referred to herein as the "Class."  The Class members are readily ascertainable.  The number and identity of the Class

members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

24.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

25.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage compensation, and illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

26.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

27.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

28.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert

their rights out of fear of direct or indirect retaliation.  Former employees are fearful of

bringing claims because doing so can harm their employment, future employment, and

future efforts to secure employment.  Class actions provide class members who are not

named in the complaint a degree of anonymity which allows for the vindication of their

rights while eliminating or reducing these risks.

29.     There are questions of law and fact common to the Class which

predominate over any questions affecting only individual class members, including:

a)     Whether Defendants employed Plaintiffs and the Class within the meaning

of the New York law.

b)     Whether Defendants paid Plaintiffs and the Class members the Federal

and New York State minimum wage for all hours worked.

c)     At what common rate, or rates subject to common methods of calculation,

was and is Defendants required to pay the Class members for their work.

d)     Whether Defendants illegally retained portions of Plaintiffs' tips and the

Class members' tips.

## FACTS

30.     Plaintiffs' consent to sue forms are attached hereto as Exhibit A.

31.     Defendants committed the following alleged acts knowingly, intentionally

and willfully.

32.     Defendants knew that nonpayment of minimum wage, nonpayment of

overtime, and improperly forcing and/or the Plaintiffs, the FLSA Collective Plaintiffs,

and members of the Class to share their tips with Defendants' agents would economically

injure Plaintiffs and violated federal and state laws.

33.     Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class were usually paid for fewer hours than they actually worked.  Thus, for many regular and overtime hours worked, Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class were not paid any hourly wage.

34.     To be sure, Plaintiffs clocked in and out each shift.  However, Defendants and/or their agents altered Plaintiffs' time sheets, so that Plaintiffs were not paid for all the time they worked.

35.     For the hours Plaintiffs were paid, they were paid pursuant to Federal and State tip credits. However, Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available cases under 29 U.S.C 203 (m) and 12 N.Y.C.R.R. § 137-1.5 because Defendants required the Plaintiff, the FLSA Collective Plaintiffs, and members of the Class to share their tips with non-service employees, such as sushi chefs.  Sushi chefs were not visible by the majority of patrons at Megu and did not work in service positions.

36.     Defendants illegally retained substantial portions of Plaintiff's and class members' tips and/or misappropriated them to non-service employees, such as sushi chefs.

37.     Upon information and belief, Defendants retained for themselves a portion of Plaintiffs' tips and did not place that portion into the tip-pool for distribution.

**FIRST CLAIM FOR RELIEF**
**(FLSA Claims, 29 U.S.C. §§ 201, *et seq.*,**
**Brought by Plaintiffs on Behalf of**
**Themselves and the FLSA Collective Plaintiffs)**

38.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

39.    At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

40.    Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

41.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.***
**Brought by Plaintiffs on Behalf of Themselves**
**and the FLSA Collective Plaintiffs)**

42.    Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

43.    Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

44.     At all relevant times, Defendants have operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs at one and one half times the minimum wage for all work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

45.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

46.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Act, New York Labor Law §§ 650 *et seq.*
Brought by Plaintiffs on Behalf of Themselves and the Class)**

47.     Plaintiffs, on behalf of themselves and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

48.     Defendants knowingly paid the Plaintiffs and members of the Class less than the New York state minimum wage.

49.     Defendants did not pay Plaintiffs or Class members the New York minimum wage for all hours worked.

50.    Defendants' failure to pay Plaintiffs and members the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

51.    As a result of Defendants' willful violations of the N.Y. Lab. Law, Plaintiffs and the Class members are entitled to recover their respective unpaid compensation, liquidated damages as provided for by the New York Labor Law, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
**(New York Overtime Violations)**
**(New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4**
**Brought by Plaintiff on Behalf of Herself and the Class)**

52.    Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

53.    It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

54.    Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class at the required overtime rates, one-and-one-half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

55.    As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## FIFTH CLAIM FOR RELIEF
**(Illegal Pay Deductions and Deductions from Gratuities,
N.Y. Lab. L. § 196-d
Brought by Plaintiffs on Behalf of
Themselves and the Class)**

56.     Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

57.     Defendants retained and/or misappropriated portions of Plaintiffs' tips and Class members' tips.

58.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages in an amount to be determined at trial, liquidated damages, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A.      Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.      Designation of Plaintiffs as Representative of the FLSA Collective Plaintiffs;

C.      Designation of this action as a class action pursuant to F.R.C.P. 23.

D.      Designation of Plaintiffs as Representative of the Class.

E.      An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

F.      Penalties available under applicable laws;

G.      Costs of action incurred herein, including expert fees;

H.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I.      Pre-Judgment and post-judgment interest, as provided by law; and

J.      Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York          Respectfully submitted,
        January 24, 2012
                                    JOSEPH, HERZFELD, HESTER &
                                    KIRSCHENBAUM LLP


                                    By: _____
                                        D. Maimon Kirschenbaum
                                        233 Broadway
                                        5th Floor
                                        New York, NY 10279
                                        Tel: (212) 688-5640
                                        Fax: (212) 688-2548

                                    *Attorneys for Named Plaintiff, proposed
                                    FLSA Collective Plaintiffs, and proposed
                                    Class*


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am a current or former employee of _Foodscope/Megu_ and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Attorney Retainer Agreement signed by the named plaintiff(s) in this case.

_____ JASON T. SCHEAR
Full Legal Name (Print)

_____
Signature

____12/16_____
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am a current or former employee of _____ M E G U _____ and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Attorney Retainer Agreement signed by the named plaintiff(s) in this case.


EDUARD STANCIU
Full Legal Name (Print)

_Signature_
Signature

12 / 16 / 11
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am a current or former employee of _____ Megu _____ and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Attorney Retainer Agreement signed by the named plaintiff(s) in this case.

BAREKET DRORI
Full Legal Name (Print)

_____
Signature

12/16/2011
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am a current or former employee of ___MEGU Nreuri Kara___ and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Attorney Retainer Agreement signed by the named plaintiff(s) in this case.


___STELLA KIM___
Full Legal Name (Print)


_____
Signature


___12·16·2011___
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

     I am a current or former employee of __MEGU__ and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Attorney Retainer Agreement signed by the named plaintiff(s) in this case.


Dana Whitney Elisabeth Beierle
Full Legal Name (Print)


_Dana Beu_
Signature


12-16-11
Date

<u>CONSENT TO SUE UNDER</u>
<u>FEDERAL FAIR LABOR STANDARDS ACT</u>

I am a current or former employee of _____MEGU_____ and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Attorney Retainer Agreement signed by the named plaintiff(s) in this case.

MICHAEL JOSEPH MARTINEZ
Full Legal Name (Print)

Signature

12/16/11
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am a current or former employee of _Megu_____ and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Attorney Retainer Agreement signed by the named plaintiff(s) in this case.

_Odin Jeremy Redd_
Full Legal Name (Print)

_Odin Redd_
Signature

_16 Dec 2011_
Date