UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON SCHEAR, EDUARD STANCIU, BAREKET DRORI, STELLA KIM, DANA BEIERLE, MICHAEL MARTINEZ and ODIN REDD, on behalf of themselves and others similarly situated,

                  Plaintiffs,

-against-

FOOD SCOPE AMERICA, INC. d/b/a MEGU TRIBECA, MASAHIRO ORIGUCHI, KOICHI YOKOYAMA and SALVATORE PICARDI,

                  Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/2014

12 Civ. 594 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiffs' motion for reconsideration is DENIED. If the non-moving party has the burden of proof on a specific issue, the movant may satisfy his own initial burden by demonstrating that the adverse party cannot produce admissible evidence to support an issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *PepsiCo Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002). Defendants' motion for summary judgment argued that Plaintiffs could not produce admissible evidence supporting a willful violation and the argument was not limited to expeditors. *See* Def. Mem. 25 n.27: "At a minimum, Megu's reliance on the DOL's findings and determinations support a finding that Megu's conduct was not willful and that the statute of limitations should be limited to two years . . . Megu's reliance on the DOL's determination that its tip pool was proper refutes any claim that Megu 'knew or showed reckless disregard.'"

    Defendants emphasized in their papers that "Megu explained to the DOL that the tip pool included <u>bussers</u>, <u>runners</u>, servers, captains, <u>sushi chefs</u>, baristas, bartenders and barbacks." *Id.* at 13 (alteration in original). Plaintiffs cannot be heard to say Defendants' willfulness argument applied only to expeditors when it was specifically tied to the Department of Labor's findings

that included bussers and sushi chefs.

The Court has reviewed Plaintiffs' revised proposed notice with a two-year FLSA notice period (Exhibit A). Plaintiffs' counsel is authorized to send the revised notice with a two-year FLSA notice period and opt-in form to all class members by first class mail and e-mail.

Defendants' request that the Court reconsider its ruling requiring Defendants to post a notice at the restaurant is DENIED.

SO ORDERED.

Dated: January 16, 2014
       New York, New York

_____
ANALISA TORRES
United States District Judge