

Littler Mendelson, PC
900 Third Avenue
New York, NY 10022.3298

Andrew P. Marks
212.583.2681 direct
212.583.9600 main
212.832.2719 fax
amarks@littler.com

February 3, 2014

**VIA ECF AND EMAIL (TORRES_NYSDCHAMBERS@NYSD.USCOURTS.GOV)**

Hon. Analisa Torres
United States Courthouse
500 Pearl St., Courtroom 15D
New York, NY 10007-1312

Re:   *Schear et al. v. Food Scope America, Inc. et al.,* **Case No.: 12 CV 0594**

Dear Judge Torres:

We write on behalf of defendants in opposition to plaintiffs' February 3, 2014 letter motion seeking to compel production of a list of Rule 23 state law class members within three days under threat of financial sanctions for failure to produce such a list.

Defendants' counsel initially interpreted Your Honor's decision and order as requiring immediate production of the list of employees covered by plaintiffs' Fair Labor Standards Act claim. Prompt production was required to avoid prejudice to such potential class members because (1) they are required to affirmatively join the action; and (2) the statute of limitations continues to run on the FLSA claim unless and until they do so. No such prejudice arises under the Rule 23 class action for violation of New York State law because putative class members are covered by the action upon certification unless they affirmatively opt out, and the limitations period is tolled as of the filing of the claim. Accordingly, a brief delay in assembling six years of records will not prejudice any Rule 23 class member.

When plaintiffs' counsel pointed out that they interpreted Your Honor's ruling as also requiring immediate production of the Rule 23 Class list, we so informed our clients and we understand that the restaurant began to immediately assemble the information. Unfortunately, it has taken a bit longer than anticipated because the restaurant has little available man-power and reviewing files for records dating back six years is a time-consuming process. We have assured plaintiffs' counsel that defendants will have the list at the earliest practicable time. Although we apologize for the delay, the imposition of sanctions for failure to produce the list within three days is unnecessary and unreasonable given the lack of prejudice caused by the brief delay.

Respectfully submitted,

s/ Andrew P. Marks

cc:   Josef Nussbaum, Esq. (via ECF)

littler.com