UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON SCHEAR, EDUARD STANCIU, BAREKET DRORI, STELLA KIM, DANA BEIERLE, MICHAEL MARTINEZ and ODIN REDD, on behalf of themselves and other similarly situated, <br><br>         Plaintiffs, <br><br>     v. <br><br> FOOD SCOPE AMERICA, INC. d/b/a MEGU TRIBECA, MASAHIRO ORIGUCHI, KOICHI YOKOYAMA and SALVATORE PICARDI <br><br>         Defendants. | |

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/3/15
```

Case No. 12 CV 0594 (AT)(GWG)

## FINAL JUDGMENT AND ORDER GRANTING
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Having considered Plaintiffs' Motion for Final Approval, the supporting memorandum of law and the Declaration of Josef Nussbaum and exhibits thereto, the oral arguments presented at the January 22, 2015 Fairness Hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, THAT:**

1.      This Order incorporates by reference the definitions in the parties' Settlement Agreement and Release (the "Settlement Agreement"), and all capitalized terms used in this Final Judgment shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2.      This Court approves the Settlement and all terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000)).

3.     Defendants must remit the first installment of the Settlement Amount to the Claims Administrator no later than 40 days from the date of this Order.

4.     The $800,000.00 settlement amount is substantial and includes meaningful payments to Class Members.   In reaching this conclusion, the Court is satisfied that the Settlement was fairly and honestly negotiated.   It was the result of vigorous arm's-length negotiations, which were undertaken in good faith by counsel with extensive experience in litigating wage and hour class actions, and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.   *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001).

5.     The Parties' judgment that the Settlement is fair, reasonable and adequate, as well as the Class's favorable response to the Settlement, weigh in favor of final approval of the Settlement.

6.     The Settlement Agreement shall be effective thirty (30) days after entry of this Order if no appeal is taken of this Order.   If an appeal is taken of this Order, the Effective Date shall be thirty (30) days after the appeal has been withdrawn or after entry of a final order and judgment after resolving any appeals.

7.     The Court awards Class Counsel one-third of the total settlement amount, or $266,666.66, as attorneys' fees to be paid from the Settlement Fund.

8.     The Court finds that the amount of fees requested is fair and reasonable using the "percentage of recovery" method, which is consistent with the trend in the Second Circuit. *Capsolas v. Pasta Resources Inc.*, No. 10 Civ. 5595, 2012 U.S. Dist. LEXIS 144651, at *22 (S.D.N.Y. Oct. 5, 2012); *see also Duchene v. Michael Cetta, Inc.*, No. 06 Civ. 4576, 2009 U.S.

Dist. LEXIS 85955, at *8-9 (S.D.N.Y. Sept. 10, 2009); *Hicks v. Morgan Stanley & Co.*, No. 01 Civ. 10071, 2005 U.S. Dist. LEXIS 24890, at *22 (S.D.N.Y. Oct. 24, 2005).

9.      Class Counsel's request for one-third of the Settlement Fund is also consistent with the trend in this Circuit. *Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar*, No. 06 Civ. 4270, 2009 U.S. Dist. LEXIS 27899, at *16 (S.D.N.Y. Mar. 31, 2009) (collecting cases); *see also Capsolas*, 2012 U.S. Dist. LEXIS 144651, at *24.

10.     The attorneys' fees requested were entirely contingent upon success in this Lawsuit.  Class Counsel expended significant time and effort and advanced costs and expenses without any guarantee of compensation.

11.     The requested attorneys' fees are also reasonable in relation to Class Counsel's lodestar of at least $282,000.00.  *See Beckman v. KeyBank, N.A.*, No. 12 Civ. 7836, 2013 U.S. Dist. LEXIS 60894, at *36 (S.D.N.Y. Apr. 29, 2013) ("Courts regularly award lodestar multipliers of up to eight times the lodestar, and in some cases, even higher multipliers.").

12.     The Court awards Class Counsel $7,943.72 for costs and expenses incurred in this Lawsuit to be paid from the Settlement Fund.

13.     The Court awards the Claims Administrator reasonable fees to be paid out of the Settlement Fund towards the cost of administering the Settlement.

14.     The Court approves Enhancement Awards of $6,000.00 to Plaintiffs Dana Beierle and Odin Redd; $5,000.00 to Plaintiffs Jason Schear, Eduard Stanciu, Bareket Drori Stella Kim, and Michael Martinez; and $2,000.00 to Opt-in Plaintiffs Armando Anguiano, Marvin Charles, Alfredo Galvan, Fai Lam, Malik Muhammad and Evaristo Zenteno.  These awards are to be paid from the Settlement Fund.  The Enhancement Awards are reasonable in light of the efforts the Plaintiffs expended in furthering the interests of the Class.

15.     The entire Lawsuit is dismissed with prejudice and without costs to any party.  All Class Members are barred and permanently enjoined from participating in any other individual or class lawsuit against the Releasees concerning the Released Claims.

16.     Without affecting the finality of this Judgment and Order, the Court reserves continuing and exclusive jurisdiction over parties to the Settlement Agreement to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties.

17.     The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order be, and hereby is, entered as a final order.


Dated: February 3, 2015
      New York, New York

                                          _____
                                             ANALISA TORRES
                                    United States District Judge