USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/4/2019

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

JASON SCHEAR, EDUARD STANCIU, BAREKET DRORI, STELLA KIM, DANA BEIERLE, MICHAEL MARTINEZ and ODIN REDD, on behalf of themselves and other similarly situated,

     Plaintiffs,

v.

FOOD SCOPE AMERICA, INC. d/b/a MEGU TRIBECA, MASAHIRO ORIGUCHI, KOICHI YOKOYAMA and SALVATORE PICARDI,

     Defendants.

12 CV 0594 (AT)(GWG)

**ORDER APPROVING SETTLEMENT AND AMENDING JUDGMENT**

  **WHEREAS,** Plaintiffs Jason Schear, Eduard Stanciu, Bareket Drori, Stella Kim, Dana Beierle, Michael Martinez and Odin Redd (collectively, "Plaintiffs") filed this class action against, Food Scope America, Inc. d/b/a Megu Tribeca, Masahiro Origuchi, Koichi Yokoyama and Salvatore Picardi (collectively, "Defendants" or Judgment-Debtors," and together with Plaintiffs the "Parties"); and

  **WHEREAS,** on January 10, 2014, the case was certified as class action pursuant to Fed. R. Civ. P. Rule 23; and

  **WHEREAS,** on October 7, 2014, the Parties agreed to settle the case for $800,000; and

  **WHEREAS,** on February 3, 2015, the Court finally approved the class action settlement; and

  **WHEREAS,** on February 20, 2015, the Clerk of Court entered judgment against the Judgment-Debtors, jointly and severally, in the amount of $800,000 (the "Judgment"); and

  **WHEREAS,** Class Counsel, Joseph &Kirschenbaum LLP, has recover $91,523.94 of Judgment; and

  **WHEREAS,** more than $700,000 remains owing on the Judgment; and

  **WHEREAS,** Class Counsel have endeavored to collect the remaining sums owed; and

  **WHEREAS,** as part of these collections efforts, Class Counsel identified a Citibank account in the amount of $495,793.24 held, at least nominally, in the name of Defendant Origuchi and another non-party entity; and

**WHEREAS,** Class Counsel filed a turnover proceeding in New York State Court bearing case name and docket number *Schear et al v. Citigroup, Inc. et al*, Index No. 159986/2015 (the "Turnover Proceeding") in which they seek to seize this account (the "Account"); and

**WHEREAS,** Mr. Origuchi and his co-Respondent-Intervenor in the Turnover Proceeding, raised certain credible arguments against the Class's entitlement to seize the sums held in the Account; and

**WHEREAS,** the parties in the state court Turnover Proceeding seek to fully and finally resolve their disputes in that lawsuit and, subject to this Court's approval, have agreed to settle that lawsuit for $300,000, over and above any sums already collected as of the date of this Order; and

**WHEREAS,** Mr. Origuchi and his co-Defendants seek to be fully and finally absolved from their obligations under the Judgment entered in this lawsuit; and

**WHEREAS,** Class Counsel informed the Court that, given the risks of continued litigation in the turnover proceeding as well as Class Counsels' efforts to collect the Judgment to date, Class Counsel believe this settlement is in the best interest of the Class; and

**WHEREAS,** the Court has reviewed the Term Sheet entered into by the parties in the turnover proceeding and finds that that agreement is fair, just, reasonable and in the best interests of the Class; and

**WHEREAS,** the Court has preliminarily approved the terms of the settlement of the Turnover Proceeding; and

**WHEREAS**, the Court has considered Plaintiffs' Motion for to Amend the Judgment and to Finally Approve the Settlement, the supporting memorandum of law and the Declaration of Josef Nussbaum and exhibits thereto, the oral arguments presented at the Fairness Hearing held on June 4, 2019, and the complete record in this matter;

**NOW, THEREFORE**, for the reasons set forth therein and stated on the record at the Fairness Hearing and for good cause shown it is Ordered that:

1. This Court approves the Settlement of the Turnover Proceeding and all terms set forth in the Settlement Term Sheet and finds that the Settlement is, in all respects, fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000)).

2. The Court hereby amends the Judgment in this Action to $391,523.94 and, in accordance with Fed. R. Civ. P. Rule 58, will file an Amended Judgment as a separate document.

3. The $391,523.94 settlement amount is substantial and includes meaningful payments to Class Members.  In reaching this conclusion, the Court is satisfied that the Settlement was fairly and honestly negotiated.  It was the result of vigorous arm's-length negotiations, which were undertaken in good faith by counsel with extensive experience in litigating wage and hour class actions, and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001).

4. The Parties' judgment that the Settlement is fair, reasonable and adequate, as well as the Class's favorable response to the Settlement, weigh in favor of final approval of the Settlement.

5. The Settlement Fund shall be the total of (1) the amounts recovered through collections efforts to date; (2) the amount recovered from the Food Scope America, Inc.'s assignment to the benefit of creditors; and (3) $300,000 from the settlement of the Turnover Proceedings.

6. The Settlement Fund shall be apportioned as follows:

|  | **Amount** |
|---|---|
| Total Amount Recovered | 391,523.94 |
| Attorneys' fees | $130,507.98 |
| Class counsels' costs and expenses | $7,943.72 |
| Collections attorneys' costs and expenses | $5,085.67 |
| Marshal's Poundage Fee | $15,000.00 |
| Claims administrator fees | $4,080.58 |
| Enhancement awards | $23,417.98 |
| Minimum class distribution | $205,488.01 |

7. In calculating Class Members' Individual Settlement Amounts, Class Counsel shall, to the best of their abilities, attempt to follow the allocation formula that is set forth in the 2014 Settlement Agreement. Dkt. No. 137-1 at 3.4(B)(3)-(5).  In the event that Class Counsel is unable to fully and completely follow that allocation formula, the Court grants Class Counsel the authority to distribute the Class Member's Individual Settlement Amounts in the fairest and most practical manner they deem possible.

8. Class Members will have one hundred and twenty (120) calendar days from when the settlement checks are issued to redeem their settlement payments (the "First Distribution"). Unless Class Counsel determine that it is not economically feasible, the funds from the First Distribution that remain uncashed shall be redistributed to Class Members who cashed the original checks in accordance with the same formula used to issue the first round of checks (the "Second Distribution").  These checks shall be void after one hundred and twenty (120) calendar days.  Any money remaining after the Second Distribution that remain uncashed shall be donated to Make the Road New York ("MTR"). *See, e.g., Sewell v. Bovis Lend Lease, Inc.*, No. 09-CV-6548 (SHS)(RLE), 2013 U.S. Dist. LEXIS 47526 (S.D.N.Y. Mar. 29, 2013) (approving redistribution of uncashed funds in a class action to MTR under the *cy pres* doctrine).

9. Courts routinely approve *cy pres* designations where the purpose of the organization is related to the purpose of the lawsuit. *See Johnson v. Brennan*, No. 10-CV-4712 (CM), 2012 U.S. Dist. LEXIS 179573 (S.D.N.Y. Dec. 12, 2012) (designating as *cy pres* recipient organization whose "advocacy work on behalf of workers, which includes the litigation of wage and hour claims on behalf of restaurant workers, is closely related to the purpose of this lawsuit"); *Plotz v. NYAT Maint. Corp.*, 2006 U.S. Dist. LEXIS 4799 at *2 (S.D.N.Y. Feb. 6, 2006) (designation of workers-rights organizations as *cy pres* beneficiaries in wage and hour

class action was proper and appropriate because organizations' missions were aligned and closely related to the objectives underlying the litigation). Here, MTR is an appropriate designee under the *cy pres* doctrine because their advocacy work on behalf of workers' wage and hour rights is closely related to the purpose of this lawsuit. *Reyes v. Buddha-Bar NYC*, 08 Civ. 02494 (DF), 2010 U.S. Dist. LEXIS 62591 at *1 (S.D.N.Y. June 22, 2010) (approving MTR as *cy pres* designee because the organization's mission "is closely connected to the purpose of the instant lawsuit").

10. Upon receipt of $300,000 from the Judgment Debtors, Class Counsel shall file a full satisfaction of judgment in accordance with this Order.

11. Without affecting the finality of this Judgment and Order, the Court reserves continuing and exclusive jurisdiction over parties to the Settlement Agreement to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties.

12. The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order be, and hereby is, entered as a final order.

The Clerk of Court is directed to terminate the motion at ECF No. 170 and to enter an amended judgment in accordance with this order.

SO ORDERED.

Dated: June 4, 2019
       New York, New York

ANALISA TORRES
United States District Judge